The opinion of the Court was delivered by.
Nott, J.
Notwithstanding the frequent occurrence of actions of slander in our Courts, it does not yet appear to be well settled what words of themselves, in legal contemplation, constitute slander. If spoken of a Pr*vate *Person> holding no office, nor engaged in any profession or trade, they must be such at least, if true, as would subject him to legal punishment; if spoken of any other person, they must be calculated to injure him in his office, profession, or trade. The words in this case do not come within either of those rules. They do not impute any specific crime .or misdemeanor. It is not alleged that the plaintiff held any office, or that the words had any relation to his profession or trade. *211 It has been held, that words wriiten and published, are actionable, which, if spoken, would furnish no ground of action. Villers v. Monsley, 2 Wilson, 403. But then they must be such, as, in the common estimation of mankind, are calculated to reflect shame or disgrace upon the person they are spoken of, or hold him up as an object of hatred, ridicule, or contempt. There is nothing of that sort contained in these publications. They barely express an opinion that the plaintiff’s mind had been impaired by disease. That was a misfortune and not a fault. It might have been calculated to excite compassion, but not hatred, ridicule, or contempt.
The only authority, produced in support of the actionability of such words, is a mere dictum from 2 Salk. 695, How v. Prinn, where it is said, “in offices of profit, words that impute either defect of understanding, of ability, or integrity, are actionable.” But that opinion does not appear to be supported by any other respectable authority, and is contradicted by the case in which it is reported ; for it goes on to state, that “ in those of credit, words that state only want of ability, are not actionable as to say of a justice of the peace, “ he is an ass, and a beetle-headed justice because a man cannot help his want of ability, as he may his want of honesty. Now let it be asked, does not the reason apply as well to the one ease as the other ? Can a man, holding an office of profit, help his want of ability, any more than he who holds an office of credit only ? But it has already been observed, that the plaintiff held no office. And if he had actually *been in the place, to which he was aspiring, he would have been more fortunate than most of those who had gone before him, if he had found it a profitable one.
It is not pretended that those words, spoken of a private individual, would have been actionable. And I am not aware of any principle of law or constitution, by which a person by proclaiming himself a candidate for congress, becomes so far elevated above the common level of man.kind, as to entitle him to any exclusive privileges. On the contrary, when one becomes a candidate for public honors, he makes proferí of himself for public investigation. All his pretensions become proper subjects of inquiry and discussion. He makes himself a species of public property, into the qualities of which every one has a right to inquire, and of the fitness of which, every one has a right to judge, and give his opinions. The ordeal of public scrutiny, is many times a disagreeable and painful operation. But it is the result of that freedom of speech, which is the nécessary attribute of every free government, and is expressly guaranteed to the people of this country by the constitution. The same may be said of the freedom of speech, as of the press: “ That among those principles deemed sacred in America; among those sacred rights considered as forming the bulwark of their liberty, which the government contemplates with awful reverence, and would approach with the most cautious circumspection, there is no one of which the importance is more deeply impressed on the public mind. That this liberty is often carried to excess, that it sometimes degenerates into licentiousness, is see and lamented, but the remedy has not yet been discovered. Perhaps it is an evil inseparable from the good with which it is allied ; perhaps it is a shoot which cannot be stripped from the stalk without wounding vitally the plant from which it is torn.”
*212 But, notwithstanding the vile purposes to which this valuable privilege is prostituted, it is the only conceivable method by which the characters of public *men can be developed, and their qualifications for office made known. I conclude, therefore, that the words in this declaration are not of themselves actionable. And if they are not actionable, falsehood and malice cannot make them so. No words are actionable unless they are false and malicious ; but words may be both' false and malicious, and not actionable. Thus to say of a young lady, that she is not handsome, might be both false and malicious, but it would not be actionable. The defendant might not have been able to prove, that the plaintiff’s mind had been impaired by disease, or that he was not qualified to fill the important station for which he offered his services, yet it might-have been his opinion. He might have been actuated by the utmost malice, but it may have been his opinion still. It is a question not susceptible of proof. The constitution has fixed no grade of mind, which is necessary to qualify a person for a seat in congress ; neither have we any intellectual scale by which to measure the understanding. It is a question on which a man may differ in opinion from all the rest of the world ; on which he'has a right to differ from them all, and to express his opinion. But let us suppose, that to charge a man in office, or aspiring to an office, either of profit or honor, with want of ability, is actionable. Is not this case within one of the very exceptions which the counsel on the part of the plaintiff has produced ? On this subject, I shall not attempt to follow the learned advocate through all the metaphysical distinctions and subtilties which he-has labored to establish, in discussing the abstract rules and principles of actionable words. It is not contended, on the part of the defendant, that the constitutional privilege of the freedom of speech is a Telemonian shield, from under which every person, in any case of election, may hurl his javelins of false and malicious slander, secure from the animadversions of the law. No such exemption is claimed by the defendant, nor would it be allowed by the Court. There are but a favored few over whose *shoulders the “overbearing policy of the law” casts such an impenetrable cegis. But it is established by the cases relied on by the plaintiff himself, that where words, otherwise actionable, are spoken in the course of a regular proceeding before a tribunal having jurisdiction of the matter, no action will lie. In the case of Brooks v. Sir Henry Montague, Cro. Jac. 90, where an action was brought against a counsellor for charging the plaintiff with having been arraigned and convicted of felony, and he pleaded in justification, that he spoke the words in the course of his professional business, the Court held that it was a good plea. For (they said,) a counseller at law retained, has a privilege to enforce any thing which is informed him by his client, and to give it in evidence, it being pertinent to the matter in issue, whether it be true or false. In the case of Astly v. Young, which was an actio'n for a libel, charging the plaintiff with perjury, the whole Court held, that an action would not lie, although the matter charged might be false and scandalous, because it was before a Court of justice haying power to determine whether it was true or false. Bacon, tit. Slander, S. 2 Burrow, 801. The same doctrine is laid down in Lake v. King, 1 Saunders, 131, and several other cases. I think, in principle, the case under consideration is not distinguishable from those. *213 The letters, in which the supposed libellous matter was contained, were addressed to the electors of the district in which the plaintiff offered himself as a candidate, and by one having a common interest with them ; they were the proper and legitimate tribunal to try the question. The charge related altogether to the plaintiff’s qualification for the place for which he was offering, and respecting which it was in the power of every one to be informed. No person has a right in such a case to impute to one infamous crimes or misdemeanors. But talents and qualifications for office are mere matters of opinion, of which the electors are the only competent judges.
Miller, and Richardson, Attorney General, for the motion. Spann, contra.
But lastly; it is said, the words are actionable, in ^consequence of the special damage which the plaintiff has sustained. I have already occupied so much of the time of the court, that I will not dwell upon this part of the case. I will not stop to inquire, whether the damage, said to be sustained, was such as to furnish the foundation of an action; for even when special damage is the foundation of the action, the words must be of an opprobrious nature, and such as are calculated to lessen the person of whom they are spoken, in the opinion of the community. But where they are perfectly justifiable or innocent, no action will lie, although some injury may have resulted from them. As to say of a lawyer, that he was not witty, by which he lost a fee ; of a clergyman, that he was not eloquent, by which he failed to get a place; or of a woman, that she was not handsome, by which she lost her marriage ; all these are mere matters of opinion, which furnish no standard by which the truth can be determined, and of which every person has a right to judge for himself; and such I have shown the words in the principal case to be. The private character has not been attacked, the moral conduct impeached, nor the sanctuary of domestic tranquillity violated. There has been no imputation calculated to render the plaintiff an object of contempt or ridicule, or to lessen him in the estimation of his fellow-citizens.
The demurrer therefore was properly sustained, and this motion must be discharged.
Colcock, Cheves and Johnson, concurred,
Gantt, J.,
gave no opinion, having been of counsel for the plaintiff.